IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOSEPH HONEYCUTT, | : |
| | : Case No. 2:21-cv-04717 |
| Plaintiff, | : |
| | : Chief Judge Algenon L. Marbley |
| v. | : |
| | : Magistrate Judge Jolson |
| THOR MOTOR COACH, INC. *et al.*, | : |
| | : |
| Defendants. | |

**OPINION AND ORDER**

This matter is before this Court on Defendants General RV Center, Inc.'s ("General RV Center") and Thor Motor Coach, Inc.'s ("Thor") Motion to Dismiss or Transfer. (ECF No. 8). For the following reasons, Defendants' Motion is **GRANTED in part and DENIED in part**. The Clerk of Courts is hereby **DIRECTED TO TRANSFER** this case to the U.S. District Court for the Eastern District of Michigan.

I.   **BACKGROUND**

In June 2020, Plaintiff Joseph Honeycutt purchased a recreational vehicle from General RV Center in North Canton, Ohio. (ECF No. 2 ¶ 4). The vehicle was manufactured by Thor, an Indiana company. (ECF No. 8 at 3). Plaintiff is an individual and resident of Ohio, (ECF No. 2 ¶ 1), while General RV Center is a Michigan corporation. (ECF No. 8 at 4). As part of the sales transaction, the parties executed a Purchase Agreement.[1] (ECF No. 8 at 1; *see* ECF No. 2 at 15). Among other provisions, the Purchase Agreement contained the following forum selection clause:

> By signing below, purchaser acknowledges that purchaser has received a copy of this agreement and that purchaser has read and understands the terms of this agreement, including those printed on the reverse side, which include an "as is" clause, a non-refundable deposit statement, and choice of law and forum section

---

[1] While Thor is not a party to the Purchase Agreement, it nonetheless agrees that the forum selection clause is enforceable and agrees venue is proper in the Eastern District of Michigan. (ECF No. 8 at 11).

1

clauses indicating that Michigan law applies to all potential disputes and that ***all claims must be filed in Michigan***.

(*Id.* (emphasis added)). In addition to the Purchase Agreement, Plaintiff signed a document titled "Lemon Law Notice to Purchaser of New Vehicle," which also included a forum selection clause:

> I understand that General RV and I have agreed that if any disputes arise between us about the RV I am purchasing they will be resolved by *a claim filed in Oakland County, Michigan*, with Michigan law applying, per the terms of our 2-sided Purchase Agreement.

(ECF No. 8 at 1–2; *see* ECF No. 2 at 16) (emphasis added)).

Plaintiff alleges that, after an ineffective repair preformed by Defendants, he was no longer able to use the vehicle for its intended purpose. (ECF No. 2 ¶ 7). As such, in August 2021, Plaintiff filed suit against Defendants in the Washington County Court of Common Pleas in southeastern Ohio. (*See id.*). On September 21, 2021, Defendants removed the case to this Court. (*See* ECF No. 1). Defendants now move this Court to dismiss the action for improper venue under Federal Rule of Civil Procedure 12(b)(3), or in the alternative, transfer the action to the Eastern District of Michigan pursuant to the forum selection clauses. (ECF No. 8 at 1, 12).

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(3), a party may move for dismissal of a case for improper venue. Dismissal under Rule 12(b)(3) is inappropriate, however, where there exists a valid forum selection clause between the parties, because such a clause has no role in determining proper venue. *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 56–57, 59 (2013). In such circumstances, either *forum non conveniens* or 28 U.S.C. § 1404(a) is the appropriate method of enforcement. *Id*. at 60–61; *see Boling v. Prospect Funding Holdings, LLC*, 771 F. App'x 562, 568 (6th Cir. 2019) (recognizing that § 1404(a) codifies "the doctrine of *forum*

2

*non conveniens* for the subset of cases in which the transferee forum is within the federal court system . . .")). Before conducting that analysis, the court must resolve two preliminary questions.

First, regardless of the presence of a forum selection clause, the transferring court must always determine whether the action "might have been brought" in the transferee court. *Kay v. Nat'l City Mortg. Co.*, 494 F. Supp. 2d 845, 849 (S.D. Ohio 2007); *see Schoenfeld v. Mercedes-Benz USA, LLC*, No. 3:20-CV-159, 2021 WL 3579016, at *1 (S.D. Ohio Aug. 13, 2021) (An action "might have been brought" in a transferee court when (1) that court has jurisdiction over the subject matter of the action, (2) venue is proper there, and (3) the defendant is amenable to process there).

Second, "[b]ecause the presence of a valid and enforceable forum-selection clause alters the . . . analysis a court must apply, . . . a court must [next] . . . determine whether [the] forum-selection clause is applicable to the claims at issue, mandatory, valid, and enforceable. *Lakeside Surfaces, Inc. v. Cambria Co., LLC*, 16 F.4th 209, 215 (6th Cir. 2021). When evaluating the enforceability of a forum selection clause, the court considers three factors: "(1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust." *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009).

If the forum selection is not enforceable, applicable, mandatory, and valid, the court must then undertake the traditional § 1404(a) analysis, weighing convenience and the public and private interest factors.[2] Where the forum selection is enforceable, applicable, mandatory, and valid, the

---

[2] The private-interest factors include "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981). The public-interest factors often "include the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law." *Id*. at 241 n.6 (internal quotation marks and brackets omitted).

analysis changes in three ways. *Atl. Marine Constr.*, 571 U.S. at 63 (internal quotation marks omitted). First, the plaintiff bears the burden of establishing that transfer is unwarranted, as their choice of forum is no longer afforded any weight. *Id*. Second, the court no longer considers arguments about the parties' private interests, but rather focuses only on the public interest factors. *Id*. at 64. "Because those factors will rarely defeat a transfer motion, . . . the practical result is that forum-selection clauses should control except in unusual cases." *Id*. at 63. Third, the § 1404(a) transfer of venue based upon a forum-selection clause "will not carry with it the original venue's choice-of-law rules . . . " *Id*.

Finally, the court considers whether the transfer is "in the interest of justice[.]" 28 U.S.C. § 1404(a). This includes consideration of judicial economy and the interest in avoiding inconsistent judgments. *North v. McNamara*, 47 F. Supp. 3d 635, 648 (S.D. Ohio 2014).

### III. LAW & ANALYSIS

#### A. Dismissal – Fed. R. Civ. P. 12(b)(3)

Primarily, Defendants move pursuant to Federal Rule of Civil Procedure 12(b)(3) to dismiss this action in light of the two forum selection clauses contained in the Purchase Agreement. (ECF No. 8 at 1, 12). The only basis provided for dismissal is the Purchase Agreement's inclusion of the two forum selection clauses. (*See id.* at 2). Because Rule 12(b)(3) motions are only a means to challenge venue when it is improper—and forum selection clauses do not deprive a court of proper venue—this Court declines to use Rule 12(b)(3) to dismiss this action. *See Wong*, 589 F.3d at 829. Accordingly, Defendants' Motion to Dismiss pursuant to Rule 12(b)(3) is **DENIED**.

#### B. Transfer – 28 U.S.C. § 1404(a)

Alternatively, Defendants ask that this Court transfer this action to the venue established by the forum selection clauses pursuant to 28 U.S.C. § 1404(a). (*See* ECF No. 8 at 12). A forum

4

selection clause should be "given controlling weight in all but the most exceptional cases." *Atl. Marine Const.*, 571 U.S. at 63. As detailed below, because Defendants' Motion satisfies the threshold inquiry under § 1404(a), and because the forum selection clauses are enforceable, valid, applicable, and mandatory, Plaintiff has the burden of demonstrating that the public factors weigh heavily against transfer.

This Court finds that Defendants' Motion satisfies the threshold inquiry under § 1404(a). First, the Eastern District of Michigan has jurisdiction over this action pursuant to 28 U.S.C. § 1331, because it arises under federal law. Namely, Plaintiff brings a federal claim under the Magnuson–Moss Warranty Act, 15 U.S.C. §§ 2301–2312. (*See* ECF No. 1 ¶¶ 21–31). Second, venue is appropriate in the Eastern District of Michigan because General RV Center's headquarters are located in Wixom, Michigan. (*See* ECF No. 8 at 4; *see also* 28 U.S.C. § 1391(b), (c)(2), and (d)). Third, Defendants, by bringing the instant motion, appear to concede that they would be subject to process issuing out of the court in Michigan. *See Kay*, 494 F. Supp. 2d at 849. Therefore, Defendants' Motion satisfies the threshold inquiry under § 1404(a) because this action "[could] have been brought" in the Eastern District of Michigan.

Next, this Court finds that the forum selection clauses are enforceable, valid, applicable, and mandatory. In Plaintiff's response to Defendants' Motion, he does not acknowledge nor address the forum selection clauses. (ECF No. 13 at 1). Absent evidence to the contrary, the forum selection clauses are presumed valid and enforceable. *See Smith v. Aegon Companies Pension Plan*, 769 F.3d 922, 930 (6th Cir. 2014) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972)); *Fifth Third Bank v. CW-Gallo, Inc.*, No. 1:10-CV-278, 2011 WL 13305369 (S.D. Ohio Jan. 31, 2011) ("Forum selection clauses are presumed valid and generally control absent a strong showing that they should be set aside."). The forum selection clauses are also applicable and

5

mandatory. (ECF No. 2 at 15–16 ("I agree … if any dispute arises between us about the RV that I am purchasing they will be resolved by a claim filed in Oakland County, Michigan.")). Accordingly, this Court will perform the *Atlantic Marine* modified §1404(a) analysis.

Plaintiff does not meet the burden of showing that the public factors weigh heavily against transfer. Plaintiff first suggests that transferring this action to Michigan would create an "undue hardship" on himself and all relevant witnesses. (ECF No. 12 at 3). Not only does this argument lack evidentiary support, but it also is inapplicable; this "undue hardship" is a private interest that is not considered under the *Atlantic Marine* modified analysis. 571 U.S. at 52 (stating private interests are not considered in analysis). As Defendants note, Plaintiff's unsubstantiated claim of "undue hardship" is insufficient to demonstrate why the forum selection clause should not be enforced. (ECF No. 13 at 1–2). The same can be said for Plaintiff's argument that "[t]he most efficient and convenient county [sic] for this matter to be litigated is in the Federal Court of Southern Ohio." (ECF No. 12 at 4; *Wong*, 589 F.3d at 829 (a forum is not "so inconvenient that it would be unjust to require suit there" simply because of mere administrative inconvenience)).

Plaintiff also suggests that the true subject matter of the case is "solely tied to the State of Ohio," and implies that transfer would somehow prevent recovery under the Ohio consumer protection laws. (*Id.* at 3). Brushing aside the fact that this case is not "solely tied to the State of Ohio," Plaintiff's argument does not establish a public factor weighing heavily against dismissal. Transfer would not prevent protection of Ohio consumers nor preclude recovery under Ohio consumer protection laws; it is not unheard of for a federal court to hear claims arising under another state's laws. *See Miller v. Thor Motor Coach*, No. 19-CV-11873, 2019 WL 5895873 (E.D. Mich. Nov. 12, 2019) (Eastern District of Michigan decided case involving claims arising under the Ohio Consumer Sales Practices Act, Ohio Lemon Law, the Ohio Uniform Commercial Code,

6

implied warranty and tort); *see also Kamrass v. Jefferies, LLC*, No. 17 CV 964, 2017 WL 4271830 (N.D. Ohio Sept. 26, 2017) (transferring Ohio state law claims to U.S. District Court for the Southern District of New York based on forum selection clause); *see also Olymbec USA, LLC v. CWFS Insight LLC*, No. 2:18-CV-2059-JTF-DKV, 2018 WL 11373366 (W.D. Tenn. Aug. 20, 2018) (transferring Tennessee state law claims to U.S. District Court for the District of Maryland based on forum selection clause). Overall, Plaintiff has not shown that the public factors weigh against transfer. Accordingly, the forum selection clause controls and this action shall be transferred to the Eastern District of Michigan.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion, (ECF No. 8), is **GRANTED in part and DENIED in part**. The Clerk of Courts is hereby **DIRECTED TO TRANSFER** this case to the U.S. District Court for the Eastern District of Michigan.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: July 28, 2022**